IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

MARC GRASSO,

              Petitioner

   -vs-

MAGGIE BEIGHTLER, *Warden*,

              Respondent.

CASE NO. 1:13 CV 02634

<u>MEMORANDUM AND ORDER</u>

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    A Cuyahoga County judge found the petitioner Marc Grasso guilty of aggravated arson, illegal manufacture of drugs, and related charges after it was proven that the petitioner's methamphetamine lab caused an explosion which burned down a home belonging to the grandparents of the petitioner's girlfriend. After a round of unsuccessful appeals in the state system, the petitioner filed the instant petition for the writ of habeas corpus, seeking relief on the following grounds:

**GROUND ONE**: Fourth Amendment

Supporting Facts: The Court of appeals for Cuyahoga County ruled that §2933.33(A) of the Ohio Revised Code trumped the Fourth Amendment of the United States Constitution because the statute authorized the warrantless entry into the residence of petitioner without a search or an arrest warrant.

**GROUND TWO**: Sixth and Fourteenth Amendment

Supporting Facts: Petitioner was denied his Sixth Amendment right when the court increased his sentence based upon judicial factfinding when none of the

alleged enhancing facts were found at trial nor alleged in the indictment.

**GROUND THREE**: Sixth and Fourteenth Amendment

Supporting Facts: The trial court improperly enhanced the degree of the offense where the trial court, in announcing its verdict, did not make any special findings concerning the existence of statutory enhancement which would increase the degree of the offense.

**GROUND FOUR**: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when convicted of offenses for which there was a material variance from those offenses as alleged in the indictment.

**GROUND FIVE**: Sixth Amendment

Supporting Facts: Petitioner was denied effective assistance of trial counsel where errors and omissions which deprived petitioner of his Sixth Amendment rights. [sic]. One of the omissions by counsel is the failure to file a motion to suppress concerning the warrantless entry into his residence without a warrant. Therefore, counsel failed to seek a mental evaluation of petitioner or counsel acknowledged that petitioner had a series of mental health issues that had been identified by his mental health providers. Petitioner's counsel failed to object to improper arguing concerning the evidence by defense counsel.

**GROUND SIX**: Fourteenth Amendment

Supporting Facts: Petitioner states that there was insufficient evidence presented at his trial to permit a rational factfinder to return a verdict of guilty which denied petitioner his constitutional right to have his guilt proven beyond a reasonable doubt.

(ECF No. 1.)

The petition was referred to United States Magistrate Judge Greg White for a Report and Recommendation. The Magistrate Judge considered the merits of each of the petitioner's claims, and, after finding that in no instance did the state court of appeals render a decision contrary to, or involving an unreasonable application of, clearly established federal law, he recommended denying the petition.

The petitioner filed timely objections to the Report and Recommendation, "object[ing] to each and every adverse finding made by the Magistrate Judge and request[ing] that this court conduct a *de novo* review of the entire record."

Pursuant to 28 U.S.C. § 636(b)(1), this Court considers *de novo* only those portions of the Report and Recommendation to which a party *specifically* objects. The specificity requirement is necessary to conserve judicial resources. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir.1991). If review of general objections is permitted, then

> [t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

Id. Thus, "objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x. 354, 356 (6th Cir.2001) (citing Miller, 50 F.3d at 380). In the absence of objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note.

In this instance, the petitioner's objections and exceptions are largely duplicative of arguments that were already considered and rejected by Magistrate Judge White. The petitioner fails to clearly and specifically explain how the Magistrate Judge might have erred when he made his recommendations. The petitioner's vague, general, and

3

conclusory objections fail to meet the specificity requirement set forth in 28 U.S.C. § 636(b)(1). Therefore, this Court, having reviewed the Magistrate Judge's carefully reasoned opinion and found no clear error, adopts the Report and Recommendation in its entirety. Mr. Grasso's petition for the writ of habeas corpus is accordingly denied.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: May 4 2015